# In re SNAP-ON TOOLS CORPORATION, Petitioner.

## No. 83–1280.

United States Court of Appeals, Federal Circuit.

Oct. 27, 1983.

Jon O. Nelson, Robert C. Ryan, and Mark T. Banner, Chicago, Ill., for petitioner.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

### ORDER

Plaintiff Jerry Clyde Edwards (Edwards) brought this suit in the Circuit Court of Mobile County, Alabama. It was removed to the U.S. District Court for the Southern District of Alabama on Petition of defendant, Snap-On Tools Corp. (Snap-On). Edwards moved to remand to the state court, and the District Court, without comment or opinion, granted the motion.

Snap-On has petitioned this court for writ of mandamus to compel removal of the action to the U.S. District Court for the Southern District of Alabama pursuant to 28 U.S.C. §§ 1441(a), (b).

The issue here turns on the nature of the action as established in the complaint. Edwards says that the claims in the complaint are based on common law remedies recognized by Alabama and are not claims arising under the patent laws of the United States, that his claim of patent infringement is merely incidental to his state court claims; and that the state court has jurisdiction to resolve questions arising under the patent laws of the United States when such questions are incidental.

Edwards cites cases in which an assertion of patent infringement is made by a defendant as a defense in a state court action based on state law, or is made in the form of a threat which produced damages that form the basis of the state suit. It is true that state courts may determine issues of patent law in appropriate cases, and that a suit for business damage caused by threats to sue on a patent is not itself a suit under the patent laws, *American Well Works v. Layne*, 241 U.S. 257, 259, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916), but here it is Edwards who is in fact suing under the patent law. His citations are thus inapt.

Edwards' allegations of patent infringement are not merely incidental. They set forth the underlying wrong on which all his other 'causes of action' rest. His First Cause is an express claim for infringement of his U.S. patent. The additional causes of action, "slander of title, conversion, interference with business and outrage" all arise from Snap-On's alleged patent infringement and its advertisement of the product accused as an infringement. Edwards' claims thus arise under the patent laws within the meaning of 28 U.S.C., § 1338(a).

When this action was removed from the state court, because it is based on a claim over which the federal courts have exclusive jurisdiction, that removal was proper. 1A J. MOORE, B. RINGLE, and J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 0.157 [3.2] (2d ed. 1983). *See, e.g., Cole v. U.S.*, 657 F.2d 107, 108–109 (7th Cir.1981), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981). If after removal, it appears that the federal court could not act, the proper remedy would be to dismiss the action, not a remand to a state court that has no jurisdiction over the action. *Id.* Here, however, the federal court clearly has original jurisdiction under 28 U.S.C. § 1338(a) and the action was correctly removed to the district court under 28 U.S.C. § 1441(b).

Mandamus is required here to aid the jurisdiction of this court. 28 U.S.C. § 1651. To rule otherwise would frustrate the appellate jurisdiction of this court and its intended purpose (to provide uniform interpretation of the patent laws and prevent forum shopping) in cases properly brought to the district courts under 28 U.S.C. § 1338(a). *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, App. No. 83–682 (Fed.Cir.1983).

Having considered the submissions of the parties, it is ORDERED:

(1) that the District Court's order remanding to the state court be vacated.

(2) that this action, unless withdrawn or dismissed, be tried and determined in the District Court for the Southern District of Alabama.