## In re PRECISION SCREEN MACHINES, INC., and Precision Techniques, Inc.

### Appeal No. 84–802.

United States Court of Appeals, Federal Circuit.

March 9, 1984.

Edward R. Weingram, Paramus, N.J., for petitioner.

John F. Flannery, Chicago, Ill., for respondent; James J. Hill, Chicago, Ill., of counsel.

Before BENNETT, MILLER, and SMITH, Circuit Judges.

## ORDER

Petitioners, defendants below, apply pursuant to 28 U.S.C. § 1651 (1976) and FED. R.APP.P. 21(a) for a writ of mandamus directed to the Honorable Herbert J. Stern, Judge of the United States District Court for the District of New Jersey.

On November 23, 1983, and January 23, 1984, the district court entered orders which denied defendants' motion to dismiss in Civil Action No. 83–2750–S. The motion was predicated on the failure of complaint counts I and II, for infringement of patents under which plaintiffs have an exclusive license limited to a field of use with the right to sue infringers, to join the owner of the patents, Ealing Corporation of Massachusetts, as a necessary or indispensable party under FED.R.CIV.P. 19.

Ealing, on notice of the action, has refused to join as a voluntary plaintiff. The court below has, in addition, not ordered it to do so.

The writ sought would mandamus the district court to vacate its orders denying

petitioners' motion to dismiss and to strike counts I and II, or in the alternative, to require Ealing to be joined as an involuntary plaintiff. The district court has refused to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Petitioners apparently recognize that this court currently has no jurisdiction under 28 U.S.C. § 1292(b) to review interlocutory matters, such as that presented here, even if certified, *Harrington Manufacturing Co. v. Powell Manufacturing Co.*, 709 F.2d 710 (Fed.Cir.1983), or any administrative supervisory authority over any district court under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, as might justify a writ of mandamus under certain circumstances by a regional circuit court. *C.P.C. Partnership v. Nosco Plastics, Inc.*, 719 F.2d 400 (Fed.Cir. 1983).

Accordingly, petitioners are reduced to proceeding under 28 U.S.C. § 1651, the All Writs Act. Nevertheless, we decline to issue the writ sought, finding in the circumstances of this case no clear demonstration of any abuse of discretion by the district court, as in *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374, 219 USPQ 577 (Fed. Cir.1983), or any potential in the actions of that court complained of by petitioners to frustrate the appellate jurisdiction of this court, as was the case in *In re Snap-On Tools Corp.*, 720 F.2d 654 (Fed.Cir.1983). This result makes it unnecessary for us to reach other issues raised in the papers before this court.

IT IS THEREFORE ORDERED that the petition for writ of mandamus is *denied*.