In re INTERNATIONAL MEDICAL PROSTHETICS RESEARCH ASSOCIATES, INC., also known as IMPRA, Inc., Petitioner.

W.L. GORE & ASSOCIATES, INC. and Gore Enterprises Holdings, Inc., Plaintiffs,

v.

INTERNATIONAL MEDICAL PROSTHETICS RESEARCH ASSOCIATES, INC., also known as IMPRA, Inc., Defendant.

Petition No. 84–1339.
Appeal No. 84–1283.

United States Court of Appeals, Federal Circuit.

July 12, 1984.

James F. Polese, Phoenix, Ariz., for petitioner.

Gerald D.W. North and P. Douglas Folk, Phoenix, Ariz., of counsel.

David H. Pfeffer, New York City, for respondent.

Janet Dore and J. Robert Dailey, New York City, of counsel.

John S. Campbell, Newark, Del., of counsel.

Donald W. Bivens, Phoenix, Ariz., of counsel.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

## ORDER

International Medical Prosthetics Research Associates, Inc. (IMPRA) has filed: (1) a Petition for Writ of Mandamus (84–1339); (2) an appeal from the District Court's disqualification of counsel (84–1283); (3) its Main Brief on Appeal; (4) a Motion to Consolidate and Expedite Consideration of the Petition and Appeal; (5) a Motion for Hearing of Appeal on Original Record; (6) a Motion for Stay of the District Court proceedings; (7) a Motion for Joint and Expedited Determination of IMPRA's pending Motions for Stay, for Hearing on Original Record, and for Consolidated and Expedited Consideration of its Petition and Appeal; (8) a Response to the motion of W.L. Gore & Associates, et al. (GORE) to dismiss the Petition; (9) a Motion for Leave to Reply, with Reply, to GORE's Opposition to Hearing on the Original Record; (10) and a Motion for Leave to Reply, with Reply, to GORE's Opposition to Stay of Proceedings. For its part, GORE has responded to this avalanche of paper with: (1) a Motion to Dismiss the Petition; (2) a Response to IMPRA's Motion for Consolidation and Expedited Consideration; (3) an Opposition to IMPRA's Motion for Hearing on the Original Record and; (4) an Opposition to IMPRA's Motion to Stay, with affidavit and a copy of IMPRA's then pending motion for supersedeas in the District Court.

The petition and appeal arise out of the district court's May 18, 1984 disqualification of the law firm of Reed, Goldstein and Jenkins-Reed, P.C. (Reed), one of two firms representing IMPRA.

### The Petition

█ Though IMPRA's petition makes repeated reference to our supervisory authority over the district court, this court is devoid of such authority. *C.P.C. Partnership v. Nosco Plastics*, 719 F.2d 400 (Fed. Cir.1983).

In *C.P.C., supra*, the motion for disqualification rested on the apparent intent of challenged counsel to testify as a witness; the motion was denied, no choice of counsel right was at risk, and no question of preservation of this court's jurisdiction was involved. The petition was denied. Similarly, in *In re Precision Screen Machines, Inc.*, 729 F.2d 1428 (1984), this court declined to issue a writ of mandamus where the circumstances of the case gave no clear demonstration of any abuse of discretion by the district court, unlike the situation in

*Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374, 219 USPQ 577 (Fed.Cir.1983) (abuse of discretion), or in *In re Snap-On Tools Corp.*, 720 F.2d 654, 220 USPQ 8 (Fed.Cir.1983) (potential frustration of the appellate jurisdiction of this court).

■ In the present case, there is no implication that this court's jurisdiction over the appeal from the disqualification decision or over the final judgment on the merits would be frustrated absent a grant of the petition. Absent compelling circumstances, the extraordinary remedy provided by 28 U.S.C. § 1651 (the All Writs Act) should not be employed. Accordingly, the petition will be denied.

### The Appeal

■ The district court must here have determined whether disqualification is warranted in view of prior associations of counsel with patent-related cases and issues. Under the specific language of 28 U.S.C. § 1295, this court has exclusive jurisdiction over appeals where the jurisdiction of the district court over the case was based on 28 U.S.C. § 1338. The jurisdiction of the district court was (and still is) based here entirely on 28 U.S.C. § 1338.

A need exists to avoid the wastefulness and uncertainty of bifurcated appeals and, at the same time, to maintain a uniformity of guidance available to individual district courts in such purely procedural matters as disqualification. Dealing daily with such procedural questions in all types of cases, a district court cannot and should not be asked to answer them one way when the appeal on the merits will go to the regional circuit in which the district court is located and in a different way when the appeal will come to this circuit. That potential problem is obviated, however, when this court applies the same guidance previously made available by the circuit (here the Ninth) having authority over the district court under 28 U.S.C. § 1294.

In *United States v. Greger*, 657 F.2d 1109, 1112 (9th Cir.1981), *cert. denied*, —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 281 (1983), the Ninth Circuit expressed its view on the appealability of a grant of a motion to disqualify counsel. The court said "the reasoning in *Firestone [Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)]* is [no] less applicable to a case in which the motion to disqualify has been granted rather than denied." 657 F.2d at 1112. *Greger* being a criminal case, the court declined to express a view on appealability in a civil case, 657 F.2d at 1113.

In *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 658 F.2d 1355 (9th Cir.1981), *cert. denied*, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982) the Ninth Circuit held that an order disqualifying non-party's counsel in a civil case was appealable under the collateral order exception. *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). In *Gough v. Perkowski*, 694 F.2d 1140 (9th Cir.1982), the Ninth Circuit extended its holding in *Petroleum Products* to the context of party's counsel, commenting that "it is at least as important for a party to be able to obtain immediate review of an order disqualifying counsel as it is for a non-party." 694 F.2d at 1143. Thus, the court held:

> an order disqualifying a party's counsel in a civil case is "effectively unreviewable" after final judgment. The burden a party would be required to meet in order to obtain a reversal could not, practicably, be met after final judgment in most civil cases. The fact that counsel was improperly disqualified would not, in itself, be sufficient to warrant a new trial since, as we said in *Petroleum Products*, there is no presumption of prejudice which attaches to such disqualification.

*Id.*

IMPRA correctly complains that review is difficult because the district court held no evidentiary hearing and entered no findings or conclusions, being content to issue a one-sentence order granting GORE's mo-

tion. Though some circuits have required more (*see Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir. 1982); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020 (5th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)), the Ninth Circuit has not.

In *Gas-A-Tron of Arizona v. Union Oil Co. of California*, 534 F.2d 1322, 1324-25 (9th Cir.), *cert. denied*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976), the Ninth Circuit said that a district court's discretion in regulating the ethical conduct of counsel will not be interfered with "if the record reveals any sound basis" for the district court's determination. Though the district court had there supplied reasons for its order disqualifying an entire law firm, the Ninth Circuit reversed because the record did not support it. In *Trone v. Smith*, 621 F.2d 994 (9th Cir.1980), the court remanded with instructions to order removal of counsel, after the district court's findings and conclusions entered with an order denying a motion to disqualify were found wanting. In that case the court noted the need to balance a party's right to choice of counsel and maintenance of professional standards, 621 F.2d at 1002, a concern reflected in our own precedents. *Sierra Vista Hospital v. United States*, 639 F.2d 749 (Ct.Cl.1981); *Kesselhaut v. United States*, 555 F.2d 791, 793, 214 Ct.Cl. 124 (1977).

Accordingly, this court will determine on the appeal whether "the record reveals any sound basis" for the district court's determination, applying the guidance found in Ninth Circuit precedents.

*Motions for Consolidation, Expedition, and Hearing on Original Record*

The petition and appeal being here considered together, IMPRA's Motion for Consolidation is granted.

Because the litigation is pending in the district court, the appeal will be expedited and, in the interests of time, will be heard on the original record. IMPRA's corresponding motions will be granted.

*Motion to Stay Proceedings in the District Court*

IMPRA asks that we order a stay of proceedings in the district court, particularly in view of a hearing scheduled in that court for July 17, 1984, on GORE's motion for a preliminary injunction. Absent some overwhelming legal requirement or showing of manifest injustice, this court will not intervene in a district court's management of its calendar or scheduling of events in a matter before that court. IMPRA, which has been represented from the outset by the non-disqualified law firm responsible for the rapid and prolific preparation of papers filed in this court, has not shown or alleged that that firm is in any manner less capable of representing it at the July 17th hearing. Moreover, the district court, which has granted IMPRA's requests for rescheduling upon proper showings in the past, is more capable than we in determining whether maintenance of its present schedule might work an injustice. The Motion for Stay of Proceedings in the District Court will be denied.

ACCORDINGLY, it is ORDERED:

1. That IMPRA's Petition for Mandamus is hereby DENIED.
2. That GORE's Motion to Dismiss the Petition is hereby GRANTED.
3. That IMPRA's Motions for Leave to Reply are hereby GRANTED.
4. That IMPRA's Motion to Consolidate Petition and Appeal is GRANTED.
5. That IMPRA's Motion for Expedited Consideration of the Appeal is hereby GRANTED.
6. That IMPRA's Motion for Hearing on the Original Record is hereby GRANTED.
7. That GORE's brief on appeal in response to IMPRA's appeal brief filed June 14, 1984, shall be filed on or before July 26, 1984.
8. That IMPRA's reply brief on appeal, if any, shall be filed on or before July 31, 1984.

9. That this appeal be calendared for oral argument during the August, 1984 session of this court.