**In re OXIMETRIX, INC., Petitioner.**

**Appeal No. 84–1676.**

United States Court of Appeals, Federal Circuit.

Oct. 31, 1984.

Gerald D. Hosier and Barry W. Sufrin, Chicago, Ill., for petitioner.

Robert D. Raven, San Francisco, Cal., for respondent.

Before MARKEY, Chief Judge, and NIES and NEWMAN, Circuit Judges.

MARKEY, Chief Judge.

## ORDER

Oximetrix, Inc. (Oxco) petitions for a writ of mandamus to the United States District

Court for the Northern District of California (district court) ordering it: (a) to vacate its order remanding a state court action No. (C–84–4179 RPA) to the Superior Court for San Mateo County, California (state court); (b) to retain jurisdiction over, or dismiss, what Oxco says is a portion of that action that embodies claims "arising under" the Patent Laws of the United States; and (c) to vacate its stay of proceedings in Oxco's federal court suit for declaratory judgment (No. C–83–1252 RPA).

Shaw Associates (SA) has moved this court for an award of costs and attorneys fees incurred by SA as a result of Oxco's petition for a writ of mandamus.

### Background

In a 1973 agreement, Shaw Associates (SA) exclusively licensed Oxco to use all of SA's inventions in the field of intravenous (I–V) administration apparatus—including patented and unpatented inventions, prototypes, plans, trade secrets, know-how, and other information (I–V inventions).

### State Court Action

In 1981, Oxco notified SA that it would cease paying royalties, except on products covered by SA's patents and that none of its products was so covered. In 1982, Oxco sued SA in the state court in San Francisco, alleging that the agreement was unenforceable except in relation to the products covered by SA's patents, which Oxco said amounted to only 5% of Oxco's sales. A month later SA sued Oxco in the state court in San Mateo, alleging breach of contract and that the contract required payment of royalties on all of Oxco's I–V administration apparatus.

Following extensive proceedings, trial commenced in the San Mateo state court on September 26, 1983. The trial encompassed 24 days, spread over three months, and involved over 500 exhibits, charts, graphs, models, and equipment.

Further extensive post-trial briefs and memoranda were received and fully considered. On May 25, 1984, the court issued a Tentative Decision. On October 10, 1984, after considering further submissions, the court issued its final STATEMENT OF DECISION and a JUDGMENT.[1] The state court's 49-page STATEMENT OF DECISION constitutes a reasoned, careful, and thorough review of the evidence, the issues, the authorities, and the bases for its decision, all in full support of its CONCLUSION:

> Oximetrix has breached the express terms of the 1973 Agreement by its failure to pay royalties prior to January 24, 1983. Oximetrix also breached the express terms of the Agreement by its continued use of the Shaw I–V inventions after that date and its repudiation of the Paragraph 8(b) license-back provisions. By the same conduct, Oximetrix has breached the separate implied covenant of good faith and fair dealing, as described above. The Court directs that judgment shall be entered for Shaw Associates based upon the foregoing Statement of Decision.

In its JUDGMENT, the state court held that: (1) the agreement is enforceable; (2) SA is entitled to Oxco's improvements as provided for in the agreement; (3) Oxco has no right to continue use of SA's I–V inventions after Oxco terminated the agreement on January 24, 1983; (4) Oxco's I–V products use and are based on SA's unpatented inventions obtained under the agreement; (5) Oxco's I–V products also use the inventions claimed in valid patents of SA; (6) Oxco is enjoined from using, directly or indirectly, the I–V inventions of SA; (7) the injunction is stayed for a year, with jurisdiction retained to determine when it should terminate; (8) Oxco shall pay SA certain compensatory damages; (9) Oxco must pay SA's attorney fees from the inception of the litigation through October 4, 1984; and (10) SA shall recover its costs.

---

1. Oxco's derogation of the Statement as "prepared by SA" is here inappropriate. Nothing of record indicates that the Statement is unrepresentative of the state court's findings and conclusions. Nor would that question be appropriate for determination by this court in any event.

In support of the injunctive relief granted, the state court said this:

> In addition to this ground for an injunction based upon the misuse of the unpatented inventions, plans, apparatus and information, the Court further notes that Oximetrix, in its sales of I–V products, continues to utilize patented Shaw I–V inventions. The courts have held that under the circumstances here, such a continued use of patents constitutes a breach of contract enjoinable as such under state law. *See, e.g., H.J. Heinz Co. v. Superior Court,* 42 Cal.2d 164, 266 P.2d 5 (1954); *Rogers v. Hensley,* 194 Cal.App.2d 486, 14 Cal.Rptr. 870 (1961); *Seagren v. Smith,* 63 Cal.App.2d 733, 741, 147 P.2d 682 (1944). The Court notes this state law authority as an alternative, contract-based ground and basis for the injunctive relief herein granted.

### Federal Court Action

Having terminated the agreement in January 1983, Oxco had thereupon filed in the federal district court an action (C–83–1252 RPA) for declaratory judgment that one of the patents in the agreement was invalid (later amended to include the other patents in the agreement). In May, 1983, the district court stayed proceedings in C–83–1252 RPA, pending completion of the state court action.

On receipt of the state court's May 25, 1984 Tentative Decision, Oxco obtained two *ex parte* extensions of time in which to request a STATEMENT OF DECISION under California Court Rule 232. On June 22, 1984, the last day of the second extension, Oxco filed its request for a STATEMENT in the state court and its removal petition in the district court. SA moved in the district court to remand the case, and, on August 23, 1984, the district court granted the remand and entered an order.

The district court's order contained these three findings:

(1) This action was improvidently removed from state court;

(2) This court does not have jurisdiction over this action under 28 U.S.C. § 1338(a) because this is not a case which arises under the patent laws of the United States;

(3) The petition for removal was not timely filed under 28 U.S.C. § 1446(b) because it was not filed within thirty days after defendant first ascertained the purported basis for removal.

Based on those findings, the district court ORDERED:

(1) That the motion to remand is granted, the Petition for Removal is dismissed and the action is remanded forthwith;

(2) That defendant and its counsel are ordered pursuant to this Court's authority under 28 U.S.C. § 1447, Rule 11, Fed. R.Civ.Proc., 28 U.S.C. § 1927 and the inherent power of this Court to pay plaintiff's just and reasonable costs and sanctions, including attorneys' fees, associated with the removal petition....;

(3) This action is remanded pursuant to 28 U.S.C. § 1447(c)[2] and therefore is not reviewable by *any* means, whether by appeal or by mandamus. 28 U.S.C. § 1447(d); *Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

### Oxco's Arguments

Oxco makes these arguments in support of its mandamus petition:

(1) Removal must be reinstated to "interdict" the state court's reach beyond its jurisdiction into "exclusive federal patent jurisdiction."

(2) This court must grant mandamus to protect its "exclusive appellate jurisdiction over the patent claims" in the declaratory judgment and the state

---

**2.** 28 U.S.C. § 1447(c) reads:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

court action, thus avoiding "derogation of is Congressional mandate to bring doctrinal stability to the Patent Law."

(3) Though the state court action did *not* involve patent validity or infringement issues, reference to "valid" patents and an injunction that included patented inventions in the Tentative Decision made the state action removable on the date the Decision issued, and Oxco's removal petition was not untimely because it was filed within the prescribed period following *that* date.

(4) The district court's continuance of the stay of Oxco's declaratory judgment action delegates *"sub-silentio"* the disposition of that action to the state court, because the state court injunction includes patented as well as unpatented products.[3]

## Analysis

Oxco's arguments are totally without merit, are based on mutually exclusive concepts, and are drawn in disregard of the record. Its filing and maintenance of the present petition is frivolous.

### (1)

Concerning the state court's reference in its STATEMENT OF DECISION to "valid" patents and the injunction in its JUDGMENT against Oxco's use of the unpatented and patented inventions in the agreement, Oxco admits that state courts may decide patent questions, as this court has recognized, *Beghin-Say Int'l. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 221 USPQ 1121 (Fed.Cir.1984).

Oxco argues that there was no basis in the state court record for the reference to "valid" or for what it calls a "coercive injunction against patent infringement." The argument ignores Oxco's own position

that it never challenged patent validity in the state court and that its federal court challenge to validity has yet to be heard. The state court's reference to "valid" patents was thus eminently correct when it was made. 35 U.S.C. § 282. The state court entered no "injunction against patent infringement." Oxco's blow-up of the state court's use of "valid" is disingenuous. It is also clearly misdirected here. Whether all parts of a state court decision are supported by the trial record is a matter for presentation on appeal to the appropriate court in the judicial system of California.

■ Further, the entire and extended argument of both parties concerning the question of whether "patent" issues were or were not presented to and decided by the state court is but "sound and fury, signifying nothing." The state court, as above indicated, specifically grounded its decision and judgment on state law governing breach of contract. Thus Oxco, because it was found to have breached the agreement, and to have done so in bad faith, is precluded by the state court judgment from using the patented *inventions* of the agreement, whatever may eventually be the fate of the patents. Throughout the greater part of its briefs, Oxco ignores that feature of the state court judgment, arguing here primarily as though the sole basis for the state court judgment was one of patent infringement. At the same time, in countering SA's arguments, Oxco rigorously asserts that the state trial was solely on contract matters and makes the statement that "Here, *none* of the contract royalty obligations can be avoided by a finding of patent invalidity ..." (emphasis Oxco's).

### (2)

■ This court does not have "exclusive jurisdiction over patent claims" that

---

**3.** Oxco's motion to file a reply memorandum and appendix, in view of the state court's issuance of its final STATEMENT OF DECISION and JUDGMENT, was granted. In that reply, Oxco repeats at length its arguments asserting absence of a federal patent question before the state court. Entirely ignoring the contract basis

for the state court's injunction, Oxco conjures a horror story in which *all* patent licensors could enjoin patent infringement after license termination if this case is not removed from the state court. Oxco's reply brief further ignores SA's authorities establishing non-reviewability of the present remand order.

may arise in a state court action. Our jurisdiction is limited to appeals of cases in which the jurisdiction of the district court was based in whole or in part on 28 U.S.C. § 1338. 28 U.S.C. § 1295(a)(1). Here, the district court had no jurisdiction, under § 1338 or otherwise, over SA's state court contract action.

Indeed, if this court were to grant Oxco's petition for an order that the district court vacate its remand order, it would be improperly altering the fundamental division of jurisdiction between the state and federal courts.

■ Nor is mandamus required to preserve this court's jurisdiction over any appeal that may eventuate from Oxco's declaratory judgment action. That action has merely been stayed. If Oxco maintains its federal court action to have declared invalid certain patents on products the state court injunction precludes it from making anyway (because of its bad faith breach of contract), a judgment entered in that declaratory judgment action will be appealable to this court.

### (3)

Oxco treats the district court's findings that it lacked jurisdiction over the state court action and that Oxco's petition for removal was untimely as "mutually exclusive." On the contrary, those findings are clearly alternative.

The state court action sounded in and was based on the contract between SA and Oxco. Oxco itself insists on that fact when it suits its purposes to do so. At other times, it infers that words in the state court's decision made the state action one for patent infringement and thus removable to federal court.

■ Whether patent issues were raised during the state court trial or were referred to in the state court's decision would not change the basic nature of the action. Indeed it is settled law that a case is not removable unless the complaint in the state court shows on its face that resolution of the case depends on a federal question. *See Brough v. United Steelworkers of America, AFL–CIO,* 437 F.2d 748 (1st Cir.1971). Further, that a defense raises a federal question is immaterial. *Id.* Here, the complaint affirmatively and unequivocally established that resolution of the case did *not* depend on a federal question of patent law. If a defense-raised federal question would not make removable this non-removable case, it defies understanding how Oxco could petition for removal on the basis of what the state court said in its decision *after trial.* Thus, there never was a basis for removal or for Oxco's present petition seeking its reinstatement.

■ A removal petition is not a vehicle for appealing to a district court what Oxco describes as a state court's decision "having gone beyond its jurisdiction." That question, if it exists, is for the appellate courts of the state, not the district court.

■ The action arose under state contract laws, not under the patent laws. The complaint spoke only of contract claims. It said not a word about patent infringement. Hence, the district court would not have jurisdiction under 28 U.S.C. § 1338, and Oxco's petition for a mandamus ordering the district court to retain jurisdiction it never had must be denied.

The district court's second finding must be read as meaning that if it had jurisdiction, the petition was untimely. Because the district court found an absence of jurisdiction, we need not and do not reach the untimeliness issue.

Finally, with regard to the propriety of Oxco's having brought the present petition for mandamus, 28 U.S.C. § 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this

643

title shall be reviewable by appeal or otherwise.[4]

In the case cited by the district court, *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977), the Supreme Court specifically held that remand orders based on § 1447(c) for lack of jurisdiction are not reviewable under § 1447(d) and reversed a contrary holding of the appellate court. Oxco totally ignores *Gravitt* in its submissions to this court.

Oxco cited in its main brief *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), and merely suggested that it shows the Supreme Court "is not adverse to creating an exception" to 28 U.S.C. § 1447(d). Oxco disregarded entirely the language in *Thermtron*, 423 U.S. at 343, 96 S.Ct. at 589, that dramatizes non-reviewability here:

> If a trial judge purports to remand a case on the ground that it was removed "improvidently and without jurisdiction" his order is not subject to challenge in the Court of Appeals by appeal, by mandamus, or otherwise.

Oxco's otherwise incredible failure to mention *Gravitt* is dramatized not only by the Supreme Court's clear enforcement of § 1447(d) in that case, but by Oxco's disregard of the Court's reference in *Gravitt*, 430 U.S. at 724, 97 S.Ct. at 1440, to *Thermtron*, the very case Oxco cites:

> *Thermtron* did not question but reemphasized the rule that § 1447(c) remands are not reviewable.

The exception in *Thermtron* was based on the district court's recognition that it had jurisdiction and on its having remanded solely because its docket was crowded. As the Supreme Court said, 423 U.S. at 343, 96 S.Ct. at 589, the remand there was not based, as it *expressly was here*, on § 1447(c).

Similarly, in *In re Snap-On Tools Corp.*, 720 F.2d 654, 220 USPQ 8 (Fed.Cir.1983), the only other case cited by Oxco in support of review, the remand, as in *Thermtron*, was not stated to have been based on § 1447(c). Non-reviewability of remands under § 1447(c) has been assailed, but it is the established law in the statute and in the decisions of the Supreme Court upholding the statute.

Thus, Oxco entirely ignores *Gravitt*, the very Supreme Court case cited by the district court and most closely on all fours with the present case, and cites cases clearly distinct from that before us, while cavalierly ignoring adverse language in the opinions filed in the cited cases. It said nothing at all about *Gravitt* or *Thermtron* in its reply brief, though the impropriety of its petition in light of § 1447(c) and (d) and in light of the Supreme Court's guidance was called to its attention in SA's brief. Oxco's lack of candor is regrettable. ABA Model Code, DR 7–102(A)(2), DR 7–106(B)(1); ABA Model Rule 3.3(a)(3).

(4)

Oxco's request for mandamus ordering the district court to vacate its stay of Oxco's declaratory judgment action is equally without support. This court lacks the general authority over district courts exercisable, for example, under 28 U.S.C. § 332. *In re Precision Screen Machines, Inc.*, 729 F.2d 1428, 1429, 221 USPQ 1034 (Fed.Cir.1984). Whether the stay is continued or vacated has no effect on this court's appellate jurisdiction and the extraordinary remedy of 28 U.S.C. § 1651, *United States v. Boe*, 543 F.2d 151 (CCPA 1976), is not here required "in aid" of this court's jurisdiction.

The stay was originally entered more than 16 months ago. Oxco did not then challenge its entry. Beyond the untimeliness of its present challenge to the stay, Oxco has shown absolutely no abuse of discretion warranting the extraordinary remedy of mandamus ordering termination of the stay, even if this court had the authority to grant that remedy.

**4.** 28 U.S.C. § 1443 deals with suits commenced in State courts and based on denial of equal civil rights.

Oxco's sole argument for a lifting of the stay is that a refusal to lift it "abdicates" the federal court's exclusive jurisdiction over patents. Like Oxco's other positions, the argument is disingenuous. Lifting of the stay and proceeding with the declaratory judgment action would in itself have no effect on any action taken by the state courts. Indeed, the state court very properly proceeded with its conduct of the judicial process against Oxco's plea that it should delay that process while awaiting this court's disposition of the present petition.

■■■ The district court's continuance of the stay could not possibly constitute an abdication of its jurisdiction to decide the declaratory judgment action, and could not affect the action of the state courts on the contract suit presented to them.

### Costs and Attorney Fees

As above indicated, the state court awarded costs and attorney fees to SA. The district court applied sanctions, in the form of costs and attorney fees, against Oxco in respect of its effort to remove the state court action after trial to the federal court. Though the district court stated no specific reasons, it made its reasons clear in its citation of the bases for its action: Rule 11 (filing of unfounded papers to harass or needlessly increase delay and costs); and 28 U.S.C. § 1927 (multiplying proceedings to unreasonably, vexatiously increase costs).

■■■ In light of the considerations outlined under (1)–(3) above, there was not even a colorable basis for Oxco's attempted removal of the state court action to the district court, as the latter recognized in its imposition of sanctions.

Similarly, as indicated in (3) above, in light of the statute, § 1447(c) and (d), and in light of the applicable and unchallenged decisions of the Supreme Court, there was not even a colorable basis for Oxco's present mandamus petition.

Oxco's present petition confronted this court with a stack of documents more than a foot high and has consumed a substantial portion of the time of the Judges and staff of this court, all to reach a result that the statute and Supreme Court decisions in *Gravitt* and *Thermtron* should have made obvious to Oxco and its counsel from the time at which the thought of mandamusing the district court first occurred.

Oxco's petition, filed in the face of 28 U.S.C. § 1447(d), with no citation of apt authority or even minimally acceptable supporting argument, and in total disregard of the Supreme Court authority relied on by the district court, and by SA, has succeeded, and could from the outset have succeeded, only in diverting substantial judicial resources from other, deserving litigants. Its sole effect is and could only have been to unnecessarily and vexatiously increase delay and costs to SA and to the taxpayers who fund the operation of the judicial process.

Thus, there is not and never was a basis for removal or for the present petition. That circumstance was so clear in fact and law that competent counsel could not possibly have failed to recognize it. We are compelled to the conviction that the filing and maintenance of the present petition was based solely on a hope of delaying further the impact of the state court judgment and that it was therefore frivolous. *See Chemical Engineering Corp. v. Marlo, Inc.*, 222 USPQ 738 (Fed.Cir.1984); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 221 USPQ 649 (Fed.Cir.1984); *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 220 USPQ 193 (Fed.Cir.1983); *Asberry v. United States Postal Service*, 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982).

Accordingly, it is ORDERED:

(1) Oxco's petition for mandamus is denied.

(2) Oxco and its counsel on this petition shall jointly and severally be liable to and shall pay SA an amount equal to SA's costs and attorney fees incurred by SA in opposing the present petition.