930 F.2d 37
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Michael L. HAINING, Petitioner.
 Misc.No. 299.
 United States Court of Appeals, Federal Circuit.
 Feb. 25, 1991.
Rehearing Granted and Order Supplemented March 18, 1991.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 On Petition for Writ of Mandamus.
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Michael L. Haining petitions for writ of mandamus to direct the United States District Court for the Southern District of Texas to vacate its January 2, 1991 order remanding the case to state court. Syringe Concepts, et al. oppose the petition. Syringe Concepts moves for leave to file a supplemental appendix and for leave to file an amended order of the district court. Syringe Concepts' motions for leave are unopposed.
 
 
 2
 Syringe Concepts sued Haining in state court alleging breach of contract, theft of trade secrets, unfair competition, breach of confidential relationship, and unjust enrichment. Syringe Concepts also sought injunctive relief. On Haining's motion, the case was removed to district court. Syringe Concepts argued that the case was improvidently removed and moved for a remand to state court. On January 2, 1991, the district court granted the motion. On February 11, 1991, after the writ had been filed here, the district court issued an amended order specifically stating the grounds for removal:*
 
 
 3
 the Court finds it lacks subject matter jurisdiction over Plaintiffs' misappropriation of trade secrets claim because the action does not arise under federal patent law.
 
 
 4
 Syringe Concepts argues that we lack jurisdiction to review the petition by virtue of 28 U.S.C. Sec. 1447(d). Section 1447(d) provides that: "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise ..."
 
 
 5
 In Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977) the Supreme Court specifically held that Sec. 1447(d) renders remand orders based on the district court's lack of jurisdiction unreviewable. See also Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976). We noted in In Re Oxrimetrix, Inc., 748 F.2d 637, 643 (Fed.Cir.1984): "Nonreviewability of remands under Sec. 1447 has been assailed, but it is the established law in the statute and in the discussions of the Supreme Court upholding the statute." Accordingly, we decline to review Haining's petition on the merits.
 
 
 6
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 7
 (1) Haining's petition for writ of mandamus is denied.
 
 
 8
 (2) Syringe Concepts' motions for leave are granted.
 
 ON PETITION FOR REHEARING
 ORDER
 
 9
 Michael L. Haining petitions for rehearing of the court's February 25, 1991 order denying his petition for writ of mandamus.
 
 
 10
 In our February 25 order, we stated that we lacked jurisdiction, by virtue of 28 U.S.C. Sec. 1447(d), to review a district court's order remanding a case to a state court from which it was improvidently removed. Our February 25 order focused on the district court's amended remand order and did not reach the question of whether the district court's first remand order was issued pursuant to 28 U.S.C. Sec. 1447(d).*
 
 
 11
 Haining now contends that the district court lacked jurisdiction to issue an amended remand order and, therefore, that this court lacked jurisdiction to review the amended order. However, we need not reach that issue because we determine that the district court's first remand order was issued pursuant to 28 U.S.C. Sec. 1447(d) and, thus, was nonreviewable. We note that the district court's first remand order was issued in response to Syringe Concepts, et al's motion to remand to the state court for lack of jurisdiction. Haining's response in the district court responded directly to the jurisdictional issue. Both parties and the court understood that the motion urged an absence of jurisdiction. Under similar circumstances where the moving party based its motion to remand on a lack of jurisdiction, but where the district court gave no reasons for remanding, the Fifth Circuit held, nonetheless, that the district court's order was issued pursuant to Sec. 1447(d). In re Merrimack Mut. Fire Ins. Co., 587 F.2d 642 (5th Cir.1978) (on petition for rehearing). Unlike that case, we have before us the court's stated reasons in the first remand order, which when read in the context of the motion and response, speak to jurisdiction.
 
 
 12
 Even assuming for the sake of argument that the first remand order was not issued pursuant to Sec. 1447(d), we would deny Haining's petition for writ of mandamus on the merits. Haining has not shown that his right to a writ is "clear and indisputable" nor that the district court's order amounted to a "judicial usurpation of power." Gulfstream Aerospace Corp. v. Mayacamus Corp., 108 S.Ct. 1133, 1143 (1988).
 
 Accordingly, IT IS ORDERED THAT:
 
 13
 (1) Haining's petition for rehearing is granted.
 
 
 14
 (2) The court's February 25, 1991 order is supplemented by this order.
 
 
 
 *
 Although the district court amended its order to specifically state that its remand was based on lack of jurisdiction after Haining filed his petition here, we will consider the amended order. We need not consider this mandamus petition in a vacuum. Moreover, pursuant to Fed.R.App.P. 21, the district court has the personal right to respond to a mandamus petition
 
 
 *
 The first remand order states in relevant part:
 After a careful review of the file, the Court finds that the proper forum for disposition of Plaintiff's misappropriation of trade secrets claim is the state court.