26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PROXIMA CORPORATION, a California Corporation, Plaintiff-Appellant,
v.
FEDERAL INSURANCE COMPANY, a New Jersey Corporation; St.
Paul Fire & Marine Insurance Company, a Minnesota
Corporation; Defendants-Appellees.
 No. 92-56320.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1994.
Decided June 7, 1994.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and FONG,* District Judge
 
 
 2
 MEMORANDUM**
 
 I. DISMISSAL OF COMPLAINT
 
 3
 The district court did not err in dismissing Proxima's complaint for failure to allege coverage under the policy's advertising injury provision. The express language of the policy states that for coverage to exist, 1) the injury must be caused by an offense specifically enumerated in the "advertising injury" provision and 2) the commission of the enumerated offense must "result" from the insured's advertising. Proxima asserts the charged conduct falls within the category of 1) "unauthorized taking of advertising ideas or style of doing business" or 2) "infringement of copyright, title or slogan." We conclude the allegations against Proxima do not fit within either category and therefore do not consider whether the alleged conduct "resulted" from Proxima's advertising.
 
 A. Unauthorized Taking of Advertising Ideas
 
 4
 Proxima faced no liability for unauthorized taking of In Focus' advertising idea. Although "advertising idea" is not defined in the policy, it ordinarily means an idea or plan to "make generally known; call attention to; give notice of." Webster's Third New Int'l Dictionary 31 (unabridged ed. 1961). See Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265 (1992) (undefined terms of a contract should be given their "ordinary" meaning). Contrary to Proxima's argument, there is no allegation in In Focus' complaint that Proxima used In Focus' ideas or plans for advertising or communicating information regarding its product. In Focus alleged only that Proxima appropriated confidential ideas defining the functional characteristics of the LCD unit and wrongfully used those ideas to construct its own model. Although the shape of the LCD unit is distinctive, it appears to serve only a functional purpose. There is no allegation in In Focus' complaint that the design itself is a trademark, J.A. Brundage Plumbing v. Massachusetts Bay Ins., 818 F.Supp. 553, 557 (W.D.N.Y.1993) (Misappropriation of an advertising idea encompasses "misuse of another's trademark or trade name."),[1] or is intended to distinguish the product from others that might enter the market.
 
 
 5
 Merchants Co. v. American Motorists Ins., 794 F.Supp. 611 (S.D.Miss.1992), on which Proxima relies, dealt with the misappropriation of a customer list which, unlike the In Focus LCD unit, "may fairly be said to be an 'advertising idea,' " Id. at 618. In John Deere Ins. Co. v. Shamrock Indus., 696 F.Supp. 434 (D.Minn.1988), aff'd 929 F.2d 413 (8th Cir.1991), on which Proxima also relies, the offense for which the insured faced liability--misappropriation of trade secrets--was clearly encompassed by "piracy," which was listed in the policy. The court's focus was on whether there was a causal link between the insured's advertising activity and its commission of the offense.
 
 
 6
 B. Unauthorized Taking of Style of Doing Business
 
 
 7
 Proxima faced no liability for unauthorized taking of In Focus' "style of doing business." "Style of doing business" is not defined in the policy, but is ordinarily held to mean a "company's comprehensive manner of operating its business." See, e.g., St. Paul Fire & Marine Ins. Co. v. Advanced Interventional, 824 F.Supp. 583, 585 (E.D.Va.1993). The term "expresses essentially the same concept as the more widely used term: 'trade dress,' " Id., which refers to the "total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." Prufrock, Ltd. v. Lasater, 781 F.2d 129, 132 (8th Cir.1986) (citations and internal quotations omitted). Imitating these characteristics of In Focus' LCD unit might subject Proxima to liability for "trade dress" infringement if the imitation created a risk that customers would mistakenly believe the unit was developed by In Focus rather than Proxima. See Id. However, In Focus' complaint does not allege Proxima's marketing of the LCD unit deceived customers into believing the unit was manufactured by In Focus. Rather, it alleges Proxima misappropriated In Focus' technology to manufacture an LCD unit that Proxima sold as its own.
 
 
 8
 Proxima argues In Focus' Lanham Act, 15 U.S.C. Sec. 1125(a), and unfair competition claims created potential liability for appropriating In Focus' "style of doing business" because the Lanham Act prohibits any "false designation" of a product's origin and unfair competition encompasses "all dishonest or fraudulent rivalry in trade, and commerce," including "[t]he selling of another's product as one's own." Black's Law Dictionary 1699 (4th ed.). However, the complaint did not allege, and nothing in the record suggests, that Proxima duplicated distinctive features of the unit to deceive consumers into believing the unit was manufactured by In Focus. The complaint claimed Proxima violated the Lanham Act and engaged in unfair competition by falsely representing that it, rather than In Focus, developed the LCD technology.
 
 
 9
 Proxima also argues it faced liability for misappropriating In Focus' "style of doing business" in view of In Focus' allegation that Proxima induced patent infringement. However, all of the unpublished decisions cited by Proxima in support of this argument, Continental Ins. Co. v. Del Astra Indus., No. C91-4478 SAW (N.D.Cal. November 5, 1992), Aetna Casualty & Surety Co. v. Watercloud Bed Co., SA CV 88-200 AHS (RWRx), 1988 WL 252578, 1988 Dist. LEXIS 17572 (C.D.Cal. November 17, 1988), Intex Plastics Sales Co. v. United National Ins. Co., CV 90-2050 CBM (Kx), 18 U.S.P.Q.2d 1567 (C.D.Cal.1990), and Atlantic Mutual Ins. Co. v. L.A. Gear, Inc., L.A.S.C. Case No. BC 38042 (L.A. Superior Ct. February 28, 1992), involved policies that included "piracy" or "unfair competition" among the covered offenses. See St. Paul Fire & Marine, 824 F.Supp. at 586 ("And it is nonsense to suppose that if the parties had intended the insurance policy in question to cover patent infringement claims, the policy would explicitly cover infringements of "copyright, title or slogan," but then include patent infringement sub silentio, in a different provision, by reference to "unauthorized taking of ... [the] style of doing business.").
 
 C. Infringement of Title
 
 10
 Proxima faced no liability for "infringement of title" under the generally accepted definition of that term as involving unlawful use of a "mark, style or designation; a distinctive appellation; the name by which something is known." Black's Law Dictionary 1655 (4th ed.). Assuming, as Proxima argues, that "infringement of title" could also be construed to mean "slander of title," Proxima faced no liability for that offense. "Slander of title" requires a "false or malicious statement ... made in disparagement of a person's title to real or personal property, or some right of his causing him special damage." Black's Law Dictionary 1559 (4th ed.), and the complaint does not allege, and the record does not suggest, that Proxima made any statement casting doubt on the validity of In Focus' patent or violated the patent for the specific purpose of testing its validity in court. See Westfield Ins. Co. v. TWT, Inc., 723 F.Supp. 492, 496 (N.D.Cal.1989) ("The tort of slander of title is meant to protect against frivolous title disputes that interfere with the salability of property.").
 
 
 11
 We reject Proxima's argument, based on In Re: Snap-on Tools Corp., 720 F.2d 654 (Fed.Cir.1983), that a claim for patent infringement necessarily creates potential liability for slander of title. The holding in Snap-on Tools relates to jurisdiction only and does not suggest allegations of patent infringement also establish a claim for slander of title.
 
 
 12
 Since Proxima fails to allege facts suggesting potential liability to In Focus for an offense enumerated in the advertising injury provision, the dismissal of the complaint was proper. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").[2]
 
 II. DENIAL OF LEAVE TO AMEND
 
 13
 The district court did not err in denying leave to file a second amended complaint. The proposed second amended complaint adds the express allegation that Proxima faced liability for inducing patent infringement. For the reasons discussed above, this allegation fails to support a claim of potential liability for an advertising injury. Jones v. Community Redev. Agency, 733 F.2d 646, 650-51 (9th Cir.1984) (leave to amend need not be granted if it is clear amendment will not overcome deficiency).
 
 
 14
 III. DENIAL OF OPPORTUNITY TO PRESENT EXTRINSIC EVIDENCE
 
 
 15
 The district court did not err in dismissing Proxima's complaint without allowing the opportunity to present evidence that a short time after its policy went into effect, St. Paul filed with Minnesota state regulatory authorities a proposed change in the scope of coverage for future policies. Nothing in the proposed change suggests the terms "unauthorized taking of advertising ideas or style of doing business" and "infringement of copyright, title or slogan" were intended to be given anything other than their ordinary meanings, which, as we have already discussed, do not encompass the conduct alleged in In Focus' complaint. Thus, even if this extrinsic evidence is considered, Proxima's complaint fails to allege facts sufficient to support its assertion that it faced potential liability for an "advertising offense."
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Harold M. Fong, District Judge, United States District Court for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not restate them here
 
 
 [1]
 There is no allegation and the record does not suggest Proxima misappropriated In Focus' trademark "TSTN."
 
 
 [2]
 Since the dismissal under Rule 12(b)(6) was proper, the denial of Proxima's motion for summary judgment must also be affirmed