52 F.3d 343
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re The REGENTS OF the UNIVERSITY OF CALIFORNIA, Petitioner.
 No. 425.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Regents of the University of California (University) petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order remanding the case to state court. The University also moves for a stay of the remand, pending this court's resolution of its petition. Jerome R. Singer opposes.
 
 
 2
 This matter stems from Singer's complaint against the University for breach of contract.[1] Singer filed his complaint in California state court. The University removed the action to district court. On January 26, 1995, after briefing and a hearing on the issue of subject matter jurisdiction, the district court remanded the action to state court pursuant to 28 U.S.C. Sec. 1447.[2] The district court based its order on the ground that Singer's "right to relief does not necessarily depend on the resolution of a substantial question of federal patent law," but rather "depends on a determination of common law contract rights."
 
 
 3
 The University argues that the district court erred in remanding the case because, in order to grant relief on Singer's claims, the trial court must adjudicate the issue of patent infringement. Because this court has exclusive jurisdiction over claims arising under the patent laws, the University argues that this court must grant its petition in order to protect our jurisdiction. The University relies on Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976). In that case, the Supreme Court concluded that a district court exceeded its authority in ordering a Sec. 1447 remand because the district court's docket was crowded. The Court held that Sec. 1447(d) did not bar review by the appellate court because the remand was issued on grounds other than the lack of subject matter jurisdiction set forth in Sec. 1447(c).
 
 
 4
 Singer argues that 28 U.S.C. Sec. 1447(d) bars this court from reviewing the remand order "on appeal or otherwise." Singer also points out that while Congress has exempted certain types of cases from the Sec. 1447(d) bar to appellate review, Congress "made no attempt to exempt patent law cases from Sec. 1447(d)." Singer argues that "[C]ongress's enactment of an express exemption for civil rights cases, and not others, implicitly reveals Congressional intent that remand decisions in all other exclusively federal cases should be non-appealable."
 
 
 5
 A writ of mandamus is "an extraordinary remedy to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In Re United States, 877 F.2d 1568, 1571 (Fed.Cir.1989). The party seeking mandamus must show that there are exceptional circumstances amounting to a judicial usurpation of power and that its right to issuance of a writ is clear and indisputable. Gulfstream, 485 U.S. at 289.
 
 
 6
 We agree with Singer that Sec. 1447(d)'s "no review" provision precludes us from reviewing the matter. The Supreme Court has held that remand orders based on Sec. 1447(c), lack of subject matter jurisdiction, are not reviewable "by mandamus or otherwise" pursuant to Sec. 1447(d). Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977). See also Thermtron, 423 U.S. at 343 ("It is unquestioned in this case and conceded by petitioner that this section [1447(d) ] prohibits review of all remand orders issued pursuant to Sec. 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ"). This circuit has also rejected a petitioner's request for mandamus review of a remand order as contrary to Supreme Court precedent and the clear language of Sec. 1447(d). See In re Oximetrix, Inc., 748 F.2d 637 (Fed.Cir.1984). We are not persuaded that Thermtron, is apposite to this case. The Supreme Court in Thermtron carefully limited an appellate court's authority to review a remand order to those instances when the district court remanded "on grounds wholly different from those upon which Sec. 1447(c) permits remand", i.e. when the district court's ruling was not based on a lack of subject matter jurisdiction. Thermtron, 423 U.S. at 344. In this case, the district court based its ruling on a lack of subject matter jurisdiction. Consequently, Thermtron's exception does not apply.
 
 
 7
 The University has not shown that its entitlement to the extraordinary remedy of mandamus is clear and indisputable. The language of Sec. 1447(d) is clear. We may not review this matter.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The University's petition for writ of mandamus is denied.
 
 
 10
 (2) The University's motion for a stay is moot.
 
 
 
 [1]
 Singer is listed as an inventor on four patents that were developed during the course of his employment at the University. Pursuant to an employment agreement, Singer assigned his rights in the patents to the University. Singer's complaint alleged, inter alia, that the University breached its agreement by failing to pursue alleged infringers of the patents
 
 
 [2]
 Section 1447 provides in relevant part:
 (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal ... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....
 (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...