86 F.3d 1175
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank T. BUCKLEY, Jr., Plaintiff-Appellee,
v.
AIRSHIELD CORPORATION, Fibertec Corporation, Werner
Enterprises, Inc. and Washington Freightliner,
Inc., Defendants-Appellants.
 No. 96-1189.
 United States Court of Appeals, Federal Circuit.
 May 3, 1996.
 
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 Frank T. Buckley, Jr. moves (1) to dismiss Airshield Corporation et al.'s appeal and (2) for sanctions for filing a frivolous appeal. Airshield moves "to stay proceedings on motion by appellee to dismiss appeal." Buckley opposes the motion to stay. Airshield responds to the court's March 28, 1996 order.
 
 
 2
 Buckley sued Airshield for infringement of his patent and breach of a license agreement. Buckley moved to disqualify Mark P. Stone, Esq. as counsel for Airshield on the ground that Stone had previously represented Buckley. In an order entered December 4, 1995, the district court disqualified Stone as Airshield's counsel. Thereafter, the district court denied Airshield's motion for reconsideration. On January 2, 1996, Airshield filed a notice of appeal "from the collateral order."[1]
 
 
 3
 In a letter to Airshield's counsel dated February 6, 1996, counsel for Buckley confirmed that he had discussed the appealability of the district court's order with opposing counsel. Counsel for Buckley specifically cited the Supreme Court's decision in Richardson-Merrell v. Koller, 472 U.S. 424 (1985) that holds that an order disqualifying counsel is not a final, appealable order under the collateral order doctrine. Counsel for Buckley requested that Airshield consider withdrawing its appeal so that Buckley would not have to incur expenses and fees in moving to dismiss the appeal. In a letter to Stone dated February 9, 1996, counsel for Buckley indicated that he would file a motion to dismiss if he had not heard from Airshield before February 16, 1996. Buckley's motion to dismiss was filed on February 29, 1996.
 
 
 4
 Instead of withdrawing its appeal, Airshield moved to "stay proceedings on motion by appellee to dismiss appeal." Responding to Buckley's motion to dismiss, Airshield states that "[a]lthough Airshield Corporation et al. disagree with the position asserted by Buckley in the pending motion to dismiss, in an abundance of caution, Appellants are filing concurrently herewith, a motion in the District Court seeking to amend the disqualification order" to certify the order to permit Airshield to seek permission to appeal. See 28 U.S.C. § 1292(b). Airshield did not, at that time, explain how it disagreed with Buckley's position that Richardson-Merrell requires dismissal of its appeal.
 
 
 5
 In an order dated March 28, 1996, the court directed Airshield to respond to the issues presented by Buckley's motion, i.e., whether the order disqualifying counsel was unappealable in view of Richardson-Merrell and whether Airshield should be sanctioned for filing a frivolous appeal. Airshield responded, arguing in sum that "the facts of the present motion clearly distinguish it from the underlying facts relied upon in Richardson-Merrell" and that "the appeal is supported by good faith argument for modification or extension to existing law, and that the appeal has not been made for any improper purpose." Airshield also argues the merits of the appeal, which is not responsive to the court's order.
 
 
 6
 Airshield's arguments attempting to distinguish Richardson-Merrell are themselves frivolous. Airshield argues that "[a]n underlying premise" of Richardson-Merrell is that after disqualification of an attorney, the party will be able to obtain substitute counsel and, quoting Richardson-Merrell, "gain the knowledge of the disqualified attorneys." See Richardson-Merrell, 472 U.S. at 434. Airshield argues that the disqualified attorney will not be able to give substitute counsel the knowledge of the disqualified attorney because the ground for disqualification of counsel in this case is that counsel has confidential information. Airshield argues that this situation distinguishes its appeal from Richardson-Merrell which involved an appeal of a disqualification order due to alleged attorney misconduct.
 
 
 7
 The language quoted by Airshield from Richardson-Merrell was not stated by the Supreme Court as a justification for not allowing appeals of disqualification orders. The statement is in the context of the Supreme Court's discussion about whether delay in proceedings is a factor to consider in determining whether orders granting disqualification should be appealable as collateral orders. The Supreme Court concluded that delay would result whether or not an appeal is permitted, either because an appeal would likely halt proceedings in the trial court or because, if no appeal is permitted, the party must obtain new counsel. "We do not think that the delay resulting from the occasionally erroneous disqualification outweighs the delay that would result from allowing piecemeal appeal of every order disqualifying counsel." Richardson-Merrell, 472 U.S. at 434. Thus, it is clear that the Supreme Court did not base its conclusion that orders granting disqualification are unappealable on the "premise" that a party's new counsel would in any event be allowed to obtain the knowledge of the disqualified counsel.
 
 
 8
 Airshield's other argument is that, because this case is "founded on the patent laws," this case is distinguishable from Richardson-Merrell. Airshield argues that because a patentee has a duty to disclose all information to the Patent and Trademark Office, there can never be confidential information concerning the validity or enforceability of a patent. That argument is addressed to the merits of the appeal.
 
 
 9
 Richardson-Merrell is directly on point concerning the appealability of any order disqualifying counsel. The Supreme Court stated:
 
 
 10
 We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as "final judgments" within the meaning of 28 U.S.C. § 1291. The Court of Appeals lacked jurisdiction to entertain respondent's appeal and should not have reached the merits.
 
 
 11
 Richardson-Merrell, 472 U.S. at 440-41. The holding could not be more clear. The Supreme Court did not limit the holding's application to the facts of that particular case. The Supreme Court's holding clearly applies to all orders disqualifying counsel. Thus, the order disqualifying Stone may not be appealed as a collateral order.
 
 
 12
 Concerning Airshield's request that the court refrain from dismissing its appeal until the district court decides whether to certify the order for appeal, the procedure detailed in the statute permitting that procedure should be followed. If Airshield convinces the district court to certify the order, then Airshield may seek this court's permission to appeal the order. See 28 U.S.C. § 1292(b). Future certification, if any, is in no way connected to the propriety of the appeal here.
 
 
 13
 Finally, concerning Buckley's motion for costs and fees, Airshield argues that certification of the order would render moot the issues in Buckley's motion to dismiss and motion for sanctions. We disagree. Buckley properly moved to dismiss the appeal after, in an attempt to avoid extra costs and fees and a waste of this court's resources, notifying Airshield of clear Supreme Court precedent prohibiting the appeal.[2] Buckley was thereafter compelled to incur fees and costs to confirm this court's obvious lack of jurisdiction. Thus, Airshield should pay to Buckley the reasonable attorney fees and the costs that were incurred in this appeal. See Sun-Tek Industries, Inc. v. Kennedy Sky-Lites, Inc., 856 F.2d 173, 177 (Fed.Cir.1988); In re Oximetrix, Inc., 748 F.2d 637, 644 (Fed.Cir.1984). See also Collins v. Amoco Prod. Co., 706 F.2d 1114, 1115 (11th Cir.1983) (damages, including reasonable attorney fees and double costs, awarded because despite clear Supreme Court precedent to the contrary, party improperly appealed from an order denying a disqualification motion). Despite Airshield's statement that "the appeal has not been made for any improper purpose," the appeal is frivolous.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) Buckley's motion to dismiss Airshield's appeal is granted.
 
 
 16
 (2) Buckley's motion for sanctions is granted. Buckley may submit, within 14 days, a bill of reasonable attorney fees and costs. Airshield may submit a response, concerning the reasonableness of the fees and costs only, within 10 days thereafter.
 
 
 17
 (3) Airshield's motion to stay proceedings is denied.
 
 
 
 [1]
 Airshield initially directed its appeal to the United States Court of Appeals for the Fourth Circuit. On January 4, 1996, Airshield corrected the appeal and designated this court
 
 
 [2]
 We commend counsel for Buckley on his course of conduct. Counsel first dealt with opposing counsel by pointing out the precedent involved and, only after Airshield refused to act, filed a motion in this court