## GRAVITT, EXECUTRIX ET AL. *v.* SOUTHWESTERN BELL TELEPHONE CO. ET AL.

No. 76–1036.   Decided April 25, 1977

PER CURIAM.

This tort action was removed from the Texas state courts to the United States District Court on the grounds of diversity of citizenship but was remanded as having been "improperly removed" when it seemed that there was not complete diversity among the parties.   The Court of Appeals for the Fifth Circuit, by mandamus, ordered the District Court to vacate its remand order because the latter had employed erroneous principles in concluding that it was without jurisdiction.

The Court of Appeals erred.   Title 28 U. S. C. § 1447 (c) provides for remanding a removed action when the district court determines that "the case was removed improvidently and without jurisdiction"; and when a remand has been ordered on these grounds, 28 U. S. C. § 1447 (d) unmistakably commands that the order "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."   The District Court's remand order was plainly within the bounds of § 1447 (c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise. *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336

(1976), is not to the contrary, for there the District Court remanded "on grounds wholly different from those upon which § 1447 (c) permits remand." *Id.,* at 344. *Thermtron* did not question but re-emphasized the rule that § 1447 (c) remands are not reviewable.

The petition for certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*