815 F.2d 1281
 125 L.R.R.M. (BNA) 2265, 106 Lab.Cas. P 12,331,
2 Indiv.Empl.Rts.Cas. 251
 Brian P. SCOTT, Plaintiff-Appellant, Cross-Appellee,
v.
MACHINISTS AUTOMOTIVE TRADES DISTRICT LODGE NO. 190 OF
NORTHERN CALIFORNIA; International Association of
Machinists and Aerospace Workers; East Bay Automotive
Machinist Lodge No. 1546; Safeway Stores, Inc., a Maryland
corporation; Raul Morales, Defendants-Appellees, Cross-Appellants.
 Nos. 86-1620, 86-1621, 86-1625 and 86-1626.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 11, 1986.
Decided April 27, 1987.
 
 B.V. Yturbide, San Francisco, Cal., for plaintiff-appellant, cross-appellee.
 Stewart Weinberg and Richard H. Harding, San Francisco, Cal., for defendants-appellees, cross-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before KENNEDY, TANG and THOMPSON, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Scott filed suits in both state and federal court alleging five counts arising from termination of his employment by Safeway and related allegations of harassment by his supervisor, Morales. The state case was removed to federal court, where the district court held that three counts had been properly removed but remanded two other tort claims to state court. The district court then granted summary judgment on the three federal claims in both cases. Scott appeals the summary judgment which resulted in dismissal of his claims for: (1) breach of the collective bargaining agreement and breach of the union's duty of fair representation; (2) tortious breach of the implied covenant of good faith and fair dealing by Safeway; and (3) intentional interference with contract relations by Morales. Safeway and Morales appeal the dismissal and remand of the two state claims for intentional infliction of emotional distress and defamation. We affirm the judgment in Scott's appeal, and decline to review the appeal by Safeway and Morales.
 
 BACKGROUND
 
 2
 The facts of the discharge are not in dispute. Scott was employed by Safeway as a mechanic for 14 years before the events leading to his discharge. In September 1984, his supervisor, Morales, accused Scott, in the presence of other employees, of poor work and a poor attitude and that incident is the basis for Scott's defamation claim. Scott was fired November 15, 1984 for using profane and abusive language toward his working foreman. His union, the Machinists Automotive Trades District Lodge 190, filed a grievance under the collective bargaining agreement.
 
 
 3
 During processing of the grievance, Scott alleged that Morales had lied about the profanity incident, and that this false testimony had caused him severe emotional distress. The matter was set for arbitration in February 1985, but the day before the hearing Safeway offered to reinstate Scott and to negotiate with the union to resolve the backpay award.
 
 
 4
 At a meeting with Safeway and his union representative Scott stated that he did not want reinstatement and would waive that and release all claims against Safeway in exchange for expungement of his employment record and $125,000. Five days later, Safeway counter-offered $20,000 in full settlement of all claims. Scott apparently did not reject or accept the offer, and three weeks later, in March 1985, he contacted independent counsel.
 
 
 5
 Arbitration had been rescheduled but later the union and Safeway proceeded to settle the grievance with a settlement that included reinstatement, full backpay less the 8 days of Scott's suspension, and reimbursement of out-of-pocket health and welfare costs. Scott neither approved nor rejected the settlement. Settlement checks were sent to the union representative, but Scott refused to accept them. Instead he filed his claims in federal and state court.
 
 ANALYSIS
 
 6
 We review the district court's determination of subject matter jurisdiction de novo. Lumber Prod. Indus. Workers Local No. 1054 v. West Coast Indus. Relations Ass'n, 775 F.2d 1042, 1045 (9th Cir.1985). We review a grant of summary judgment de novo. Truex v. Garrett Freightlines, Inc., 784 F.2d 1347, 1348 (9th Cir.1985).
 
 
 7
 I. Removal Jurisdiction-Preemption of State Claims
 
 
 8
 The district court properly held it has original jurisdiction over the claim for breach of the collective bargaining agreement and breach of the union's duty of fair representation, and that the claim was properly removed. 29 U.S.C. Sec. 185.
 
 
 9
 The district court also held the claims for breach of the implied covenant of good faith and fair dealing and intentional interference with contractual relations are preempted under the authority of Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir.1984) and Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9th Cir.1980). We agree with the district court that these claims must be recharacterized as arising under federal law and that they were properly removed to federal court. Carter v. Smith Food King, 765 F.2d 916 (9th Cir.1985). The test for federal preemption of state law claims is:
 
 
 10
 [W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties to a labor contract, that claim must either be treated as a Sec. 301 claim ... or dismissed as preempted by federal labor-contract law.
 
 
 11
 Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985) (citation omitted).
 
 
 12
 The two claims at issue here are related to the contract provisions and clearly depend upon interpretation of the contract. Interference with contract relations is obviously connected with interpretation of the contract. The tort of breach of the implied covenant of good faith and fair dealing is the tort involved in Allis-Chalmers in which the Supreme Court said that such a state cause of action is necessarily preempted by Sec. 301. Id. at 218-19. Removal was therefore proper.
 
 
 13
 The district court remanded to state court the claims for defamation and intentional infliction of emotional distress. Generally an order of remand is not reviewable by the court of appeals. 28 U.S.C. Sec. 1447(d); Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); Thermtron Prod., Inc. v. Hermansdorfer, 423 U.S. 336, 351-52, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976). The only exception to the non-reviewability rule is that we have held section 1447(d) bars review only of remand orders based on the statutory grounds established in section 1447(c), namely lack of jurisdiction. Clorox Co. v. United States Dist. Court, 779 F.2d 517, 520 (9th Cir.1985).
 
 
 14
 In Clorox we said that when "a district court's remand order is based on a resolution of the merits of some matter of substantive law 'apart from any jurisdictional decision,' section 1447(d) does not foreclose appellate review of that decision." Id. at 520 (quoting Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 276 (9th Cir.1984)). In this case the district court's decision was strictly a jurisdictional decision and thus we have no power to review it, even though it was arguably an erroneous decision. See, e.g., Carter, 765 F.2d at 921 (tort claims including intentional infliction of emotional distress, "arose out of the same acts and conduct which formed the basis of Carter's Section 301/breach of duty claims and are thus preempted by federal labor law"); Olguin, 740 F.2d at 1475 (emotional distress claim preempted when it "arose out of the employee's discharge or the conduct of the defendants in the investigatory proceedings leading up to the discharge"); Beers v. Southern Pacific Transp., 703 F.2d 425, 429 (9th Cir.1983) (harassment and infliction of emotional distress claims preempted because they concerned working conditions, disciplinary procedures and representation rights "covered by or substantially related to the collective bargaining agreement").
 
 
 15
 II. Summary Judgment on the Section 301 Claims
 
 
 16
 The district court held that Scott could not show any breach of the union's duty of fair representation, and thus granted summary judgment on all three federal claims. Under federal law the only way Scott could support a claim for any damages outside the contract remedies provided by the collective bargaining agreement was by showing breach of the duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 181-83, 87 S.Ct. 903, 912-13, 17 L.Ed.2d 842 (1967). Because the contract with Safeway included a mandatory grievance procedure, the only way to recover outside that procedure was through proof of breach of duty by the union.
 
 
 17
 As noted, we review a grant of summary judgment de novo, Truex, 784 F.2d at 1348, but we have sometimes suggested that breach of the duty of fair representation is a question for the trier of fact to be reviewed by the clearly erroneous standard. See Galindo v. Stoody Co., 793 F.2d 1502, 1513 (9th Cir.1986) (citing cases).
 
 
 18
 The standard for finding a breach is that the union's conduct must be "arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190, 87 S.Ct. at 916; Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). In the context of a grievance, "this standard prohibits a union from ignoring a meritorious grievance or processing that grievance perfunctorily." Galindo, 793 F.2d at 1513. This court has construed the doctrine narrowly "[b]ecause unions must retain discretion to act in what they perceive to be their members' best interests." Id. at 1514. A union's representation "need not be error free." Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1482 (9th Cir.1985). We have "repeatedly held that mere negligent conduct by a union does not constitute a breach of the union's duty of fair representation." Galindo, 793 F.2d at 1514 (citing Peterson, 771 F.2d at 1253).
 
 
 19
 We have said an unintentional mistake is arbitrary only if it reflects a "reckless disregard" for the rights of the individual employee. Peterson, 771 F.2d at 1254. In Peterson we identified the general principles of the court's various decisions in these cases.In all cases in which we found a breach of the duty of fair representation based on a union's arbitrary conduct, it is clear that the union failed to perform a procedural or ministerial act, that the act in question did not require the exercise of judgment and that there was no rational and proper basis for the union's conduct....
 
 
 20
 We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance. To the contrary, we have held consistently that unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances.
 
 
 21
 Id. at 1254.
 
 
 22
 The question in this case is whether the union's decision to process Scott's grievance and its settlement agreement with Safeway on his breach of contract claim breached the union's duty of fair representation. The union argued to the district court that it could not have done more than it did. The union settled the case for "everything Mr. Scott was entitled to, less eight days' pay, because [it] thought that was a reasonable settlement."
 
 
 23
 We conclude that in reaching this decision, the union exercised its judgment as to how best to process Scott's claim under the contract. It did not act in an arbitrary or discriminatory manner, nor in bad faith. It acted in a way it perceived to be in its member's best interest. The Union did not breach its duty of fair representation by exercising its judgment in this manner. Peterson, 771 F.2d at 1254.
 
 
 24
 Scott's attorney contends that the union breached its duty of fair representation by
 
 
 25
 inducing him [Scott] to think that $70,000 would be offered to him [by Safeway in settlement of his claim] the day following a day that he would return to work. He returned to work in the expectation that that would happen. And the following day an offer of at least $70,000 would be made terminating the relationship entirely. In reality, only $20,000 was offered.
 
 
 26
 Even if the union representative misstated the amount Safeway intended to offer in settlement, at most this misstatement was arguably negligent. It did not rise to the level of arbitrary conduct required to establish a breach of the union's duty of fair representation. Id. It is also not clear how this misstatement prejudiced Scott's position.
 
 
 27
 Given the narrow construction of the basis upon which breach of a union's duty of fair representation may be predicated, we hold that the district court did not err in granting summary judgment in favor of the union.
 
 
 28
 The judgment of the district court is AFFIRMED.