835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MONTGOMERY; Marian Y. Montgomery, Plaintiffs-Appellees,
v.
PLAIN DEALER PUBLISHING COMPANY, Defendant-Appellant.
 No. 86-3976.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 ORDER
 
 1
 The defendant appeals an order remanding to the Ohio state courts an action removed to the district court under the provisions of 28 U.S.C. Sec. 1441. The appeal has been referred to this panel pursuant to Rule 9(a)(1), Rules of the Sixth Circuit. Upon examination of the record and the defendant's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff filed this action in the Court of Common Pleas of Cuyahoga County, Ohio, alleging injuries due to the negligence of his employer. The defendant petitioned for removal of the action to the federal district court on grounds the cause of action was preempted by federal labor law because of an existing collective bargaining agreement between the defendant and a union of which the plaintiff was a member. The plaintiff then moved for a remand of the action to the state court.
 
 
 3
 The district court granted the motion to remand in an Amended Memorandum and Order entered on September 24, 1986. Therein, the district court concluded that Ohio law recognizes an employee's right to bring a cause of action for an intentional tort inflicted by his employer and that that cause of action was not preempted by federal labor law. There being no federal claim involved, the court remanded the action to the state court for further proceedings.
 
 
 4
 In Thermtron Products, Inc., v. Hermansdorfer, 423 U.S. 336 (1976), the United States Supreme Court stated that remand orders based upon the grounds found in 28 U.S.C. Sec. 1441(c), i.e., that the case was removed "improvidently and without jurisdiction," are "not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." 423 U.S. at 343. In the present case, the district court remanded the action upon an explicit finding that there was no federal claim stated in the complaint and thus no basis for federal jurisdiction. This Court therefore has no jurisdiction to review that order. See Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977) (per curiam ); Hammons v. Teamsters, Local No. 20, 754 F.2d 177, 179 (6th Cir.1985).
 
 
 5
 It therefore is ORDERED that this appeal is dismissed for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.