835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth GARNER, Plaintiff-Appellee,
v.
GREYHOUND FOOD MANAGEMENT, Defendant-Appellant,
United Catering, Restaurant Bar & Hotel Workers, Local #
1064, Defendant.
 No. 86-2076.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before KEITH, MILBURN and DAVID A NELSON, Circuit Judges.
 
 ORDER
 
 1
 The defendant, Greyhound Food Management, Inc., appeals an order remanding to the Michigan state courts an action removed to the district court under to the provisions of 28 U.S.C. Sec. 1441. The appeal has been referred to this panel pursuant to Rule 9(a)(1), Rules of the Sixth Circuit. Upon examination of the record and the defendant's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff filed this action in the Circuit Court for Wayne County, Michigan, alleging violations of the Michigan Handicappers Civil Rights Act. The defendants (the successor of plaintiff's prior employer and the union which negotiated a collective bargaining agreement with the new company) petitioned for removal of the action to the federal district court on grounds the cause of action was preempted by federal labor law. The plaintiff then moved for a remand of the action to the state court.
 
 
 3
 After holding a hearing, the district court granted the motion to remand in an order entered on October 16, 1986. In announcing its decision, the district court concluded the plaintiff's state law claim was not preempted by federal labor law and that the court therefore did "not have a Federal interest in this claim." Hearing Transcript at 24. This appeal followed.
 
 
 4
 In Thermtron Products, Inc., v. Hermansdorfer, 423 U.S. 336 (1976), the United States Supreme Court stated that remand orders based upon the grounds found in 28 U.S.C. Sec. 1441(c), i.e., that the case was removed "improvidently and without jurisdiction," are "not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." 423 U.S. at 343. In the present case, the district court remanded the action upon an explicit finding that there was no federal claim stated in the complaint and thus no basis for federal jurisdiction. This Court therefore has no jurisdiction to review that order. See Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977) (per curiam ); Hammons v. Teamsters, Local No. 20, 754 F.2d 177, 179 (6th Cir.1985).
 
 
 5
 It therefore is ORDERED that this appeal is dismissed for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.