911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia M. GALLAGHER, Instrumatics, Inc. Plaintiffs-Appellees,
v.
NEW YORK LIFE INSURANCE COMPANY, New York Life Insurance and
Annuity Corporation, Defendants-Appellants,
Root and Rosen Insurance, Defendant.
In re NEW YORK LIFE INSURANCE COMPANY, New York, Life
Insurance and Annuity Corporation, Petitioners.
 Nos. 90-3415, 90-3439.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant New York Life Insurance Company seeks review of the district court's remand order by way of direct appeal and a petition for a writ of mandamus. The matter is before this panel on the petition for the writ (No. 90-3439) and upon plaintiffs' motion to dismiss the appeal (90-3415).
 
 
 2
 Plaintiffs filed this suit in Ohio state court. Defendants removed the action to the district court pursuant to 28 U.S.C. Sec. 1441, asserting two grounds for federal court jurisdiction. First, defendants asserted the state law principles underlying plaintiffs' complaint were pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et seq. (ERISA). In addition, defendants claimed there was complete diversity of citizenship between the parties, and that diversity jurisdiction existed pursuant to 28 U.S.C. Sec. 1332(a)(1).
 
 
 3
 The district court concluded that plaintiffs' claims were not governed by ERISA, and that the court lacked federal question jurisdiction. The court further concluded that plaintiffs' motion to amend the complaint in order to add a non-diverse party should be granted, and that diversity jurisdiction no longer existed. The court remanded the action to state court in accordance with 28 U.S.C. Secs. 1447(c) and (e).
 
 
 4
 Section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The district court concluded that allowing joinder under Sec. 1447(e) was the appropriate course to follow. Because the court concluded (1) that no federal question jurisdiction existed, and (2) that no diversity jurisdiction existed, the case was remanded pursuant to Sec. 1447(c).
 
 
 5
 Because the district court's decision to remand was clearly based on Sec. 1447(c), this court has no jurisdiction to hear New York Life's appeal or to consider issuing a writ of mandamus.
 
 
 6
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
 
 
 7
 28 U.S.C. Sec. 1447(d).
 
 
 8
 Section 1443 pertains to civil rights cases, and has no bearing on the instant case. In Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977), the court of appeals issued a writ of mandamus ordering the district court to vacate a remand order issued pursuant to Sec. 1447(c). The Supreme Court reversed.
 
 
 9
 The District Court's remand order was unreviewable by the Court of Appeals, by mandamus or otherwise. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976), is not to the contrary, for there the District Court remanded "on grounds wholly different from those upon which Sec. 1447(c) permits remand." Id., at 344. Thermtron did not question but re-emphasized the rule that Sec. 1447(c) remands are not reviewable.
 
 
 10
 430 U.S. at 723-24. The district court's remand order leaves no question but that it was founded upon 28 U.S.C. Sec. 1447(c). As a result, this court lacks jurisdiction to review the order.
 
 
 11
 It therefore is ORDERED that the motion to dismiss Case No. 90-3415 is granted. The petition for a writ of mandamus in Case No. 90-3439 is denied.