In re DECORATOR INDUSTRIES, INC., a corporation; Michael Solomon, an individual; Robin Johnson, an individual, Petitioners.

No. 92–6381.

United States Court of Appeals, Eleventh Circuit.

Dec. 17, 1992.

John W. Clark, Jr., and Amy K. Myers, Clark & Scott, PC, Birmingham, Ala., Terrence H. Murphy, Klett, Lieber, Rooney & Schorling, Pittsburgh, Pa., for petitioners.

H. Carey Walker, John F. Whitaker, Sadler, Sullivan, Herring & Sharp, P.C., Birmingham, Ala., for Lillie Sue Carter.

Timothy A. Palmer, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for BCBS of NC.

Cecil H. Macoy, Jr., and William A. Robinson, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for John Alden Life Ins. Co.

Before BIRCH, Circuit Judge, JOHNSON, Senior Circuit Judge, and THOMAS [*], Senior District Judge.

JOHNSON, Senior Circuit Judge:

Petitioners Michael Solomon, Robin Johnson and Decorator Industries, Inc. ("Decorator") petition this Court for a writ of mandamus.

## I. STATEMENT OF FACTS

Lillie Sue Carter was employed by Decorator when she underwent surgery in July 1989.[1] After surgery, she received medical permission to return to work, but before she could return to work, Decorator laid her off. Decorator informed her that she could continue her medical coverage under Decorator's employee benefits plan (the "Plan") if she paid a portion of her premium.

Until March 1, 1990, the Plan's insurance carrier was Blue Cross and Blue Shield of North Carolina ("Blue Cross"). On March 1, 1990, Decorator changed the Plan's insurance carrier, substituting John Alden Life Insurance Company ("John Alden")

---

[*] Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. In determining whether we have jurisdiction to enter a writ of mandamus, "allegations of the Complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.) (per curiam), *cert. denied,* 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980).

for Blue Cross. Carter paid premiums for continued Plan coverage until she was hospitalized again on March 29, 1990. Before reentering the hospital, Carter received assurances from Decorator that she was covered under the Plan, and that she would be picked up by the new insurance carrier. However, when presented with Carter's claims for medical expenses incurred in conjunction with Carter's rehospitalization, John Alden refused payment, stating that Carter was not covered for pre-existing conditions.

On May 1, 1990, Carter filed a complaint in Alabama state court against Decorator, contending that Decorator had misrepresented facts concerning her coverage under the Plan. Decorator answered, denying Carter's allegations and raising the affirmative defense that all of Carter's claims were preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

On April 3, 1991, Decorator filed a third-party complaint against Blue Cross and John Alden, and on May 3, 1991, Blue Cross and John Alden removed the case to federal district court on the ground that Carter's claims against Decorator and Decorator's claims against Blue Cross and John Alden were preempted by ERISA.

On May 22, 1991, Carter moved to remand the case to state court, and on March 31, 1992, the district court granted the motion in part. Finding that Decorator's third-party claims against Blue Cross and John Alden were "separate and independent" from Carter's claims against Decorator, the district court held that removal was proper under 28 U.S.C.A. § 1441(c).² The district court also concluded that Carter's claims against Decorator were "improvidently removed" and that the district court was "without jurisdiction" to hear those claims. The district court retained jurisdiction of Decorator's third-party claims against Blue Cross and John Alden, and

remanded Carter's claims against Decorator to state court for further proceedings.

Decorator now petitions this Court for a writ of mandamus pursuant to 28 U.S.C.A. § 1651 (1966) directing the district court to vacate that portion of its order remanding Carter's claims to state court.

## II. ANALYSIS

■ We do not have the power to review the district court's remand order. Under 28 U.S.C.A. § 1447(c) (Supp.1992), the district court may remand a case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Unless the case involves a claim under the Civil Rights Act, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." § 1447(d).

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court carved out a narrow exception to this Congressional mandate prohibiting appellate review of remand orders, holding that an appellate court may review a district court's remand order if the remand is not made pursuant to § 1447(c). *Id.* at 350, 96 S.Ct. at 593. However, "remand orders issued under § 1447(c) and invoking the grounds therein ... are immune from review." *Id.* at 346, 96 S.Ct. at 590.

The district court remanded Carter's claims against Decorator to state court under § 1447(c), stating that it was "without jurisdiction of the original action." Because the district court's remand order was issued under § 1447(c) and because the order invoked lack of jurisdiction as the reason for remand, the *Thermtron* exception does not apply. Accordingly, this Court may not review the remand order.

■ Nevertheless, Decorator advances two reasons why we should review the

---

2. 28 U.S.C.A. § 1441(c) (Supp.1992) provides: Whenever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which state law predominates.

remand order in this case. First, Decorator argues that the basis of the district court's remand order—*i.e.,* that it lacked jurisdiction to hear Carter's state law claims—was clearly erroneous. Whether the district court correctly determined its jurisdiction is irrelevant. We are prohibited from reviewing a remand order for lack of jurisdiction even when the district court's ·determination is clearly erroneous. *Calderon v. Aerovias Nacionales de Columbia,* 929 F.2d 599, 601 (11th Cir.) (remand order not reviewable notwithstanding district court's erroneous determination that it lacked jurisdiction), *cert. denied,* —— U.S. ——, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991); *Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539, 1540 (11th Cir.1986) (per curiam) (declining to adopt a "clearly erroneous" exception to lack of jurisdiction determination). *See also Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam).

In addition to lack of jurisdiction, the district court also stated as a reason for remand that the original action had been "improvidently removed," apparently relying on an earlier version of § 1447(c).[3] Decorator cites *Air–Shields, Inc. v. Fullam,* 891 F.2d 63 (3d Cir.1989), for the proposition that because the district court relied on a prior version of § 1447, this Court has authority to review the district court's remand order.

Decorator's reliance on *Air–Shields* is misplaced. In *Air–Shields,* the district court's remand decision was predicated on the single ground that removal had been improvidently granted. Because that ground was no longer part of § 1447(c), the appellate court held that it was free to review the remand decision. *Id.* at 66. In contrast, here the district court based its remand decision on the dual grounds that removal had been "improvidently granted" *and* that it was "without jurisdiction." Because lack of jurisdiction remains as one of the statutory grounds for remand that pre-

cludes review, this Court is without authority to review the district court's decision.

### III. CONCLUSION

Decorator's petition for a writ of mandamus is DENIED.

BIRCH, Circuit Judge, dissenting:

For the reasons that follow, I regret that I cannot join the majority. It is true that the district court asserted the following two sentences denominated as her "conclusion":

> Based on the foregoing, the court concludes that it is *without jurisdiction of the original action,* and that such action was improvidently removed. As set forth in the accompanying order, the original action shall be remanded to the Circuit Court of Winston County, Alabama.

Order of March 31, 1992 (emphasis added). However, the majority's opinion does not indicate that between the district court's finding that

> [u]nder 28 U.S.C. § 1441(c) when a separate and independent claim over which the court has original jurisdiction is joined with an otherwise nonremovable claim, the court has removal jurisdiction over the entire case. The court may, however, in its discretion, remand the underlying action to the state court.... For the reasons set forth below, however, the court finds that the main action is due to be remanded to the Circuit Court of Winston County....

and the above-stated "conclusion," the district court set out a five-page discussion as to whether the "main action" was preempted by ERISA. Presumably this analysis was undertaken to determine whether that court could "remand all [such] matters in which State law predominates." *See* 28 U.S.C. § 1441(c) (Supp.1992). Hence, a fair reading of the district court's order could lead a reasonable attorney or jurist to conclude that had the district court concluded that the "main action" was preempted un-

---

**3.** Prior to 1988, § 1447(c) instructed district courts to remand a case "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction."

der ERISA, she would not have determined that State law predominates and would not have exercised her discretion under 28 U.S.C. § 1441(c) to remand such claims. The district court entered its order on March 31, 1992, and did not have the benefit of our court's decision in *Sanson v. General Motors Corp.*, 966 F.2d 618 (11th Cir.1992), which was published on July 15, 1992. Had the district court compared the "main action" asserted in this case with that in *Sanson*, she well may have concluded that such claim was preempted and not remanded the action.

Based upon the foregoing, the most logical conclusion is that remand in this case was made pursuant to 28 U.S.C. § 1441(c) and *not* pursuant to 28 U.S.C. § 1447(c). If this is so, then remand would arguably fall within the *Thermtron* exception (i.e., remand was *not* made pursuant to 28 U.S.C. § 1447(c)). As noted by the majority, under *Thermtron* only remands made pursuant to 28 U.S.C. § 1447(c) are immune from review. The fact that the district court alluded *only* to 28 U.S.C. § 1441(c) as her basis for remand persuades me that we are not prohibited from reviewing her erroneous remand, despite her conclusion that she was "without jurisdiction of the original action" (a differently worded criteria than section 1447(c)'s "lacks subject matter jurisdiction"). Nowhere in her opinion did the district court even mention 28 U.S.C. § 1447(c).