83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bruce A. WATSON, Plaintiff-Appellee,
v.
AETNA CASUALTY AND SURETY COMPANY, a Connecticut
corporation, Defendant-Appellant.
 No. 94-5206.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 Before BRORBY, EBEL and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 Plaintiff Bruce A. Watson brought this bad faith action in Oklahoma State District Court against the Aetna Casualty and Surety Company (hereafter "Aetna"), his employer's worker's compensation insurer. Aetna later removed the case to federal court, but the district court remanded because Mr. Watson's action was "closely tied to the Workers' Compensation Act of the State of Oklahoma." See 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States"). Aetna then noticed an appeal from the district court's remand order and also petitioned this court for a writ of mandamus or prohibition. We denied Aetna's petition for a writ of mandamus and/or prohibition. Aetna Casualty & Surety Co. v. Ellison, No. 94-5201 (10th Cir. Dec. 14, 1994), cert. denied, 115 S.Ct. 1823 (1995). In our order, we held:
 
 
 2
 The district court remanded the case because of a defect in removal procedure in that the case was removed in violation of 28 U.S.C. § 1445(c). The court therefore does not have jurisdiction to review the district court's order. 28 U.S.C. § 1447(d); Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977) (per curiam).
 
 
 3
 Our conclusion we lack jurisdiction to review the district court's remand order is now the law of this case and it is binding in this appeal. We therefore conclude we lack jurisdiction to review the merits of this appeal.
 
 
 4
 Appeal DISMISSED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3