**GREENWICH INS. CO., Plaintiff–Counter–Defendant–Appellee,**

v.

**ASEA BROWN BOVERI, INC., ABB Lummus Global, Inc., ABB Vetco Gray, Inc., and ABB Automation, Inc., Defendants–Counter–Plaintiffs–Appellants.**

Docket No. 02–9135.

United States Court of Appeals, Second Circuit.

Sept. 18, 2003.

Philip H. Hecht, Kirkpatrick & Lockhart LLP, Washington, D.C. (Steven Berglass, Seeley & Berglass, New Haven, CT, on the brief), for Appellants.

Charles Platto, Norwich, VT (Kathleen F. Munroe, Litchfield Cavo, Avon, CT, on the brief), for Appellee.

PRESENT: CABRANES, B.D. PARKER, Circuit Judges and RAKOFF, District Judge.*

### SUMMARY ORDER

Plaintiff–Counter–Defendant–Appellee Greenwich Insurance Company filed a complaint against the defendants in Connecticut Superior Court, seeking a declaration regarding the rights and obligations of the parties with respect to certain insurance claims filed with the plaintiff by several of the defendants. On March 8, 2002, the defendants removed this action to federal court, asserting diversity jurisdiction even though two of the named defendants are citizens of Connecticut, cf. 28 U.S.C. § 1441(b), and even though the plaintiff appeared also to be a citizen of Connecticut. The plaintiff filed a motion to remand, which the defendants opposed by arguing, inter alia, that the two Connecticut defendants were fraudulently joined in order to defeat removal.

On August 27, 2002, Magistrate Judge Holly B. Fitzsimmons filed a Recom-

---

mended Ruling suggesting that the District Court grant the plaintiff's motion to remand. In particular, Magistrate Judge Fitzsimmons concluded that the Connecticut defendants were not misjoined and, therefore, that subject matter jurisdiction was lacking. On October 17, 2002, the District Court endorsed and adopted Magistrate Judge Fitzsimmons's Recommended Ruling and the case was remanded to the Connecticut Superior Court. The defendants timely filed this appeal.

A remand order based on lack of subject matter jurisdiction " 'is not reviewable on appeal or otherwise.' " *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting 28 U.S.C. § 1447(d)); *see also Gravitt v. Southwestern Bell Tele. Co.*, 430 U.S. 723, 723–24, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (holding that a District Court's remand order based on a lack of diversity was "unreviewable by the Court of Appeals, by mandamus or otherwise"); *Excimer Assoc., Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 139 (2d Cir.2002) (holding that "[a] district court's conclusion that [a party] was necessary to the action is not separate from the question of the district court's subject matter jurisdiction" and, therefore, is precluded from appeal by 28 U.S.C. § 1447(d)).

Accordingly, we lack jurisdiction to entertain the defendants' appeal in this case, and the appeal must be, and is hereby, DISMISSED.