IN THE MATTER OF: MUTUAL FUND MARKET–TIMING LITIGATION.

Nos. 07–1695, 07–2053, 07–2142, 07–2244.

United States Court of Appeals, Seventh Circuit.

Submitted July 2, 2007.

Decided July 13, 2007.

Robert L. King (submitted), Korein Tillery, St. Louis, MO, for Plaintiffs Steve Dudley, Beth Dudley (Dkt. 07–1695), Dorothy Luettinger (Dkt. 07–2142), Robert Potter, Edna Grench, Dorothy Luettinger (Dkt. 07–2244).

George A. Zelcs (submitted), Korein Tillery, Chicago, IL, for Plaintiffs Robert Potter, Edna Grench, Dorothy Luettinger (Dkt. 07–2053).

Charles L. Joley (submitted), Donovan, Rose, Nester & Szewczyk, Belleville, IL, Rebecca R. Jackson (submitted), Bryan Cave (submitted), St. Louis, MO, for Defendants Putnam Investment Management, LLC and Putnam Investment Funds (Dkt. 07–1695).

Steven B. Feirson (submitted), Dechert, Philadelphia, PA, for Defendant Pacific Life Insurance Company (Dkt. 07–2142).

Mark A. Perry (submitted), Gordon R. Broom (submitted), Edwardsville, IL, Kurt E. Reitz (submitted), Thompson Coburn (submitted), Belleville, IL, for Defendants Janus Capital Management LLC, Janus Investment Fund (Dkt. 07–2244 & Dkt. 07–2053).

Richard K. Hunsaker (submitted), Heyl, Royster, Voelker & Allen, Edwardsville, IL, Mark A. Perry (submitted), Gibson, Dunn, & Crutcher, Washington, DC, for Defendants Deutsche Investment Management Americas, Inc., Scudder International Fund (Dkt. 07–2244 & 07–2053).

Before EASTERBROOK, Chief Judge, and KANNE and WOOD, Circuit Judges.

PER CURIAM.

We have for decision multiple motions in three cases: *Dudley v. Putnam Investment Funds*, No. 07–1695; *Potter v. Janus Investment Fund*, Nos. 07–2053 & 07–2244; and *Spurgeon v. Pacific Life Insurance Co.*, No. 07–2142.

The motion for voluntary dismissal in *Spurgeon*, see Fed. R.App. P. 42(b), has not been opposed by the appellee and is therefore granted. Costs are taxed against appellants. This also means that motions to defer briefing in *Dudley* and *Potter* pending the disposition of *Spurgeon* are denied. Both *Dudley* and *Potter* must be dismissed, in turn, for lack of appellate jurisdiction.

These suits are among the many that were remanded to state court by *In re Mutual Fund Market–Timing Litigation*, 468 F.3d 439 (7th Cir.2006) (*Kircher IV*), in the wake of the Supreme Court's decision in *Kircher v. Putnam Funds Trust*, —— U.S. ——, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006) (*Kircher III*). The district judges assigned to these suits had held that federal jurisdiction was lacking. That belief was incorrect, see *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006), but *Kircher III* held that a district judge's error in applying the Securities Litigation Uniform Standards Act of 1998 does not support appellate review of a remand, given 28 U.S.C. § 1447(d).

After the cases returned to state court, defendants filed renewed notices of remov-

al, asserting that *Dabit* is a new "order" that creates another opportunity for removal under 28 U.S.C. § 1446(b). Chief Judge Murphy, who handled *Dudley* and *Potter*, disagreed, holding that the word "order" in § 1446(b) means a decision about subject-matter jurisdiction in the current litigation, made by the state judge before whom the suit is pending, and not the decision in some other case (such as *Dabit*) with different litigants. *Dudley* and *Potter* were remanded again. See *Dudley v. Putnam Investment Funds*, 472 F.Supp.2d 1102 (S.D.Ill.2007); *Potter v. Janus Investment Fund*, 483 F.Supp.2d 692 (S.D.Ill.2007).

Defendants have appealed. Just as in *Kircher III*, § 1447(d) precludes appellate review.

Section 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." The Supreme Court has held that this statute, despite the breadth of its language, affects only remands made on the authority of § 1447(c), which covers lack of jurisdiction or defect in removal procedure. See, e.g., *Powerex Corp. v. Reliant Energy Services, Inc.,* —— U.S. ——, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007) (summarizing the Court's understanding of § 1447(d)).

*Dudley* and *Potter* were remanded on the ground that the notices of removal not only were untimely, having been filed years after the suits commenced, but also were successive and represented attempts to relitigate issues decided adversely to defendants in *Kircher IV*. Just one removal is allowed per case, the court believed. See *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453 (7th Cir.2005). Succes-

sive and untimely removals are procedurally defective, and thus within the scope of § 1447(c), so § 1447(d) and the holding of *Kircher III* are fully applicable.

Defendants reply that a motion to remand based on a defect in removal procedure must be filed within 30 days (a limit set by § 1447(c) itself), yet plaintiffs did not advance their reading of the word "order" before that time expired. A district court's failure to respect the 30-day limit is reviewable on appeal, see *In re Continental Casualty Co.*, 29 F.3d 292, 295 (7th Cir.1994), and it is on this ground that defendants maintain that we have appellate jurisdiction.

█ This line of argument misunderstands the relation between § 1447(c) and § 1446(b). The remands are not based on any reading of § 1446(b); they are based on a conclusion that notices of removal have come too late and too often. Plaintiffs did not exceed the 30 days allowed to seek remand, nor did the district court remand *sua sponte*; *Continental Casualty* therefore is irrelevant. Defendants invoked § 1446(b) in response to plaintiffs' motion; the district court held that § 1446(b) does not vindicate defendants' strategy. Such a holding does not invent an extra-statutory ground of remand; it just implements a statutory ground. Contrast *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir.1999). Plaintiffs' motions to remand did not need to anticipate and refute the defendants' potential response to the problems the motions identified.

█ Now it may be that Chief Judge Murphy misunderstands the meaning of the word "order" in § 1446(b) and that the removals were proper. But § 1447(d) blocks appellate inquiry into whether the district judge is mistaken. That's the holding of *Kircher III* and *Powerex*,

among many other decisions. See, e.g., *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). Otherwise § 1447(d) would mean only that proper remands can't be reversed, and then it would have no effect at all. Thus "[a]ny remand order falling within the scope of § 1447(c) lies outside our jurisdiction, regardless of the correctness of the district court's reasoning." *Holmstrom v. Peterson*, 492 F.3d 833, 839–40 (7th Cir.2007).

District Judge Reagan, who declined to remand *Spurgeon*, disagrees with Chief Judge Murphy's understanding of § 1446(b). See *Spurgeon v. Pacific Life Insurance Co.*, 2007 WL 685943, 2007 U.S. Dist. LEXIS 15663 (S.D.Ill. Mar. 6, 2007). Appellate review within the federal system to resolve this conflict is possible only when the district judge keeps the suit and rules on the merits.

The appeals in *Dudley* and *Potter* are dismissed for want of jurisdiction.