NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD BRAVENEC, et al.,**

*Plaintiff-Appellee*

**v.**

**ROWLAND J. MARTIN, JR.,**

*Defendant-Appellant*

---

2022-2191

---

Appeal from the United States District Court for the Western District of Texas in No. 5:22-cv-00522-JKP, Judge Jason Kenneth Pulliam.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Before the court are Rowland J. Martin, Jr.'s response to this court's November 17, 2022, show cause order, ECF No. 14; "opposed motion for writ of mandamus and for emergency stay of the district court order dated September 29, 2022," ECF No. 13; and amended notice of appeal, ECF No. 12.  For the following reasons, we now dismiss.

Edward Bravenec and 1216 West Ave., Inc. brought suit against Mr. Martin in Texas state court asserting a claim for tortious interference with contractual relations in connection with the sale of a property in San Antonio. *See Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *2 (Tex. App. May 13, 2015). Mr. Martin removed the case to federal district court. On September 29, 2022, the district court issued an order remanding the case to state court for lack of jurisdiction,* explaining that the action sought to be removed was "not based on any federal claim within Plaintiff's state petition or on the basis of diversity jurisdiction," ECF No. 6-2 at 14, and that Mr. Martin's attempts to assert various federal claims provided no basis for jurisdiction over the removed action, *see id*.

Judicial review over the district court's remand order is foreclosed by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court has made clear that if the district court "relied upon a ground that is colorably characterized as subject-matter jurisdiction," then the remand order is subject to § 1447(d)'s bar and therefore outside of the review authority of any appellate court. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). The district court here clearly premised its remand order on its view that it lacked jurisdiction over the removed case. Section 1447(d) therefore requires dismissal without need to further explore whether this appeal would otherwise come within our review authority under 28 U.S.C. § 1295(a) or be appropriately transferred under 28 U.S.C. § 1631.

---

\* Although Mr. Martin filed his initial notice of appeal before the district court's remand order, he attached the district court's order to an amended notice of appeal he submitted to this court on October 6, 2022, ECF No. 6-2 at 12–15.

Mandamus relief under 28 U.S.C. § 1651 is likewise unavailable. By its terms, section 1447(d) bars appellate review of remand orders, based on lack of subject matter jurisdiction, by way of "appeal *or otherwise*" (emphasis added). Review through a writ of mandamus is one such alternative prohibited by § 1447(d). *See Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723–24 (1977) ("The District Court's remand order was . . . unreviewable by the Court of Appeals, by mandamus or otherwise.").

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

February 28, 2023                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court